Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
717 E. Elmer St.
Vineland, NJ 08360
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, an Individual : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> KELLER DEVELOPMENT, L.L.C., : <br> a New Jersey Limited Liability Company : <br> : <br> Defendant. : <br> _____ : | Case No. 1:21-cv-12247 |

**COMPLAINT**

Plaintiff, DENNIS MAURER, an individual, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, KELLER DEVELOPMENT, L.L.C., a New Jersey Limited Liability Company, for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

**COUNT I
VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.***

1. Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, New Jersey 08234, in the County of Atlantic.

2. Defendant, KELLER DEVELOPMENT, L.L.C., holds title to the Subject Property and/or owns or operates a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3. Defendant's property, a shopping center/plaza known as Meeting House Square, is located at 300 E. Greentree Road, Marlton, New Jersey 08053, in the County of Burlington (also being known as Block 8.16 Lot 1 on the Municipal Tax Map of Evesham Township) ("the Subject Property").

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff has multiple sclerosis, is mobility impaired and requires the use of a wheelchair to ambulate.

7. Mr. Maurer has visited the property that forms the basis of this lawsuit on multiple occasions, with the last such visit occurring in May 2021. Plaintiff plans to return to the Subject Property in the very near future to avail himself of the goods and services offered to the public at the property.

8. Mr. Maurer has encountered repeated exposure to architectural barriers and otherwise harmful conditions at the Subject Property. This repeated exposure to architectural barriers and other harmful conditions has endangered his safety.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Meeting House Square, which is located at 300 E. Greentree Road, Marlton, New Jersey 08053.

10. Mr. Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

11. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mr. Maurer desires to visit the Subject Property, not only to avail himself of the goods and services available at the property but to assure himself that the Subject Property is in full compliance with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination and repeated exposure to architectural barriers and other harmful conditions.

12. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. Further, Defendant's actions have caused Plaintiff to be repeatedly exposed to architectural barriers and the other harmful conditions referenced herein and bodily injury consisting of emotional distress, mental anguish, suffering and humiliation, and other injuries.

13. Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

A preliminary inspection of the Defendant's property, Meeting House Square, has shown that violations of the ADA exist. The following are architectural barriers and violations of the ADA that DENNIS MAURER has personally encountered during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

a. Parking spaces throughout Meeting House Square are not maintained, contain abrupt changes of level, slopes beyond allowable limits within parking spaces, and lack compliant access aisles; a violation of Sections 402 and 502 of the 2010 Standards for Accessible Design. Without proper access aisles Mr. Maurer is unable to access his van freely and safely, on certain occasions he has parked away from the plaza to ensure that he could access his vehicle.

b. Curb ramps/ramps are not provided in all areas of Meeting House Square and those which are provided are unsafe for wheelchair users. The curb ramps provided contain excessive slopes, abrupt changes of level, and lack level landings; violating Sections 402, 405, and 406 of the 2010 Standards for Accessible Design. Mr. Maurer is forced to deal with a lack of maneuvering clearance at the top of the curb ramp; this architectural barrier presents him with the danger of tipping over and falling from his wheelchair.

c. The exterior accessible route from parking spaces at Meeting House Square fails to provide a safe, accessible route to ramps or curb ramps; violating Section 402 of the 2010 Standards for Accessible Design. Mr. Maurer is forced to travel through obstacles in order to access the curb ramps.

d. Meeting House Square fails to provide the required amount of compliant accessible parking spaces and van accessible parking spaces; a violation of Section 502 of the 2010 Standards for Accessible Design. The lack of compliant accessible parking has forced Mr. Maurer to park away from the center, in open areas, to ensure safe access to his van.

e. Meeting House Square fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Standards for Accessible Design. The lack of a compliant, accessible route to the sidewalk limits Mr. Maurer's options for accessing the plaza.

**Access to Goods and Services**

f. Payment counters throughout Meeting House Square are mounted beyond the reach of Mr., violating Sections 308 and 904 of the 2010 Standards for Accessible Design. Accessible checkout lines are not provided.

g. While attempting to enter tenant spaces, Mr. Maurer is impeded by abrupt changes of level and/or sloping at the base; a violation of Section 404 of the 2010 Standards for Accessible Design. Abrupt changes of level present a tipping hazard and can cause damage to Mr. Maurer's wheelchair.

h. Shanghai Express and Marlton Bistro fail to provide accessible dining tables; violating Section 902 of the 2010 Standards for Accessible Design. The lack of an accessible dining table effects Mr. Maurer's ability to dine comfortably.

**Restrooms**

i. Restrooms provided throughout Meeting House Square including those located within Marlton Bistro and the salons/barbershops are non-compliant and unsafe for use by Mr. Maurer. Architectural barriers to access at the aforementioned restrooms include incorrect signage, inaccessible water closets which lack proper controls, and a lack of wheelchair maneuvering space; violations of Section 601 of the 2010 Standards for Accessible Design.

j. Restrooms within Marlton Bistro and the salons/barbershop provide dispensers which are mounted beyond the reach of Mr. Maurer; violating Section 308 of the 2010 Standards for

Accessible Design.

k.  Lavatories at Marlton Bistro and the salons/barbershop lack proper knee clearance and accessibility; violating Section 606 the 2010 Standards for Accessible Design. Mr. Maurer is unable to freely access the lavatory due to a lack of accessibility.

l.  Restrooms within Marlton Bistro and the salons/barbershop contain improper centerlines for the water closets and flush controls which are mounted on the wall side, violating Section 604 of the 2010 Standards for Accessible Design. Mr. Maurer is unable to access flush controls while in the restrooms due to their improper location.

m.  The using of restrooms doors at Marlton Bistro and the salons/barbershop are impeded by round door knobs, improper signage, and a lack of maneuvering clearance; violations of Section 404 of the 2010 Standards for Accessible Design. Round door knobs, stored goods, and a lack of maneuvering space impedes Mr. Maurer from easily accessing restroom doors.

14.  Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.  The discriminatory violations described in paragraph 13 are not an exhaustive list of the ADA violations that exist at Defendant's property but are the result of a preliminary inspection. Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at the Subject Property and violate the ADA. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff

and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

16. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm, including bodily injury, consisting of emotional distress, mental anguish, suffering and humiliation, and other injuries.  Considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Meeting House Square and make the Subject Property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily

achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II
### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

22.    Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

23.    Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

24.    New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.).

25.    As set forth above, Defendant has violated the New Jersey Law Against

Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the Subject Property.

26. As a result of the aforementioned discrimination, repeated exposure to architectural barriers and other harmful conditions; Plaintiff has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated: June 8, 2021

/s/ Jon G. Shadinger Jr.

Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
717 E. Elmer St.
Vineland, NJ 08360
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*